UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE KING,

    Movant,

                                           File No: 1:11-cv-716

v.

                                           HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
_____/

## OPINION

On July 12, 2011, the Court entered an order for Movant to show cause why his motion under 28 U.S.C. § 2255 should not be dismissed as time-barred. Due to the procedural mechanism by which Movant's § 2255 motion came before the Court, this order was docketed with Movant's underlying criminal case. (File No. 1:05-cr-247, Dkt. No. 92, Order.) Movant's response was likewise docketed with his criminal case. (File No. 1:05-cr-247, Dkt. No. 93, Resp.) Both are included as attachments to this opinion.

In the Court's July 12 order, the Court indicated that upon initial consideration of Movant's motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings, it plainly appeared that Movant was not entitled to relief. (Order 4.) The Court performed the necessary calculations and concluded that Movant had not filed his motion until over one year after the deadline for doing so had expired. (*Id.* at 5.) However, the Court also noted that "[t]he one-year statute of limitations contained in § 2255 is not jurisdictional, and it is

subject to equitable tolling. A court must accord the parties fair notice and an opportunity to present their positions before a petition is dismissed sua sponte on statute of limitations grounds." (*Id.* (citations and internal quotation marks omitted).) The show cause order afforded Movant the opportunity to present his position as to why his motion should not be dismissed.

In his Response, Movant correctly notes that § 2255's one year clock does not begin to toll until "the date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[1] 28 U.S.C. § 2255(f)(4). Movant asserts that he did not discover the facts presented in his motion until just before the motion was filed. (Resp. 1.)

Upon review, the Court finds that all of the facts proffered in Movant's motion (largely accusations made against trial and appellate counsel and the Court) could have been discovered through the exercise of due diligence either at or before his plea or, at the latest, shortly after the Court of Appeals' judgment. Movant's allegations of improprieties at or before his plea – that his conviction was unlawful because he is incompetent and illiterate, that his guilty plea was not knowingly and intelligently made and was not voluntary, that he was questioned without an attorney and without waver of his rights, that his trial counsel didn't investigate all possible defenses, that his trial counsel failed to reveal his illiteracy and

---

[1] Movant also wisely withdraws the unfounded challenges to the Court's jurisdiction which made up the bulk of his § 2255 motion.

incompetence, that his trial counsel became a "second prosecutor," that his trial counsel failed to properly investigate jury lists, that his trial counsel failed to challenge jurisdiction, and that his trial counsel colluded with the United States Attorney's Office – could have been discovered with due diligence during the appeal process, as could the alleged failings of the Court.  His allegations against his appellate counsel (which largely parallel those against his trial counsel) could have been discovered upon receipt and review of the Court of Appeals' judgment of February 19, 2008.  Movant's Response focuses largely on his illiteracy.  Movant's inability to read and write is a fact of which he was no doubt aware well before even his indictment, and it cannot under these circumstances toll the statute of limitations under § 2255(f).[2]  In short, Movant has proffered no factual matters of which he was not aware or could not have discovered through due diligence by the time his judgment became final in May, 2008.  Movant's action is thus time-barred.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant.  To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484

---

[2]Movant's contends that the outcome of his case would have been different had the Court been made aware of Movant's illiteracy.  In fact, the Court was made aware.  The Court made special note of Movant's illiteracy when reviewing Movant's Presentence Investigative Report. (PSR at ¶ 164.) Movant's illiteracy was noted at sentencing, (File No. 1:05-cr-247, Dkt. No. 81, Sent. Tr. 23:21-24), and the Court recommended remedial educational opportunities and vocational training as part of Movant's sentence, (File No. 1:05-cr-247, Dkt. No. 78, J. 2).

(2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review, and for the same reasons stated above, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will be denied.

An order and judgment consistent with this opinion shall be entered.

Dated: July 26, 2011 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE